# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Cr. A. No. 03-30023-02** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **RAYETTA GOODIN** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is a "Motion to Apply Credit of Time Served to Existing Sentence" [Doc. No. 73] filed by Defendant Rayetta Goodin. This Court does not have jurisdiction to award credits. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (Interpreting 18 U.S.C. § 3585(b) and holding that the Attorney General through the Bureau of Prisons, not district courts, is authorized to compute sentence credit awards after sentencing.) Defendants, including Jackson, must pursue any claim to credit through the administrative remedies available within the Bureau of Prisons.

Even assuming *arguendo* that Goodin had exhausted her administrative remedies, however, the Court finds that she would not be entitled to receive "credit" from the Bureau of Prisons for the time that she spent under electronic monitoring prior to sentencing. Pursuant to 18 U.S.C. § 3585(b), a defendant is only given "credit toward the service of a term of imprisonment for any time [s]he has spent in **official detention** prior to the date the sentence commences." (emphasis added). Time spent under the supervision of the United States Probation Office on electronic monitoring is not official detention. *See Reno v. Koray,*

515 U.S. 50, 60 n.4 (1995) ("A condition of bail or bond which is 'highly restrictive,' and that includes 'house arrest,' 'electronic monitoring' or 'home confinement'; or such as requiring the defendant to report daily to the U.S. Marshal, U.S. Probation Service, or other person; is not considered as time in official detention.") (quoting with approval U.S. Dept. of Justice, Bureau of Prisons Program Statement No. 5880.28(c) (July 29, 1994)); *see also United States v. Cleto*, 956 F.2d 83 (5th Cir. 1992) (Federal inmate was not "in custody" or in "official detention" during his release on bond and thus was not entitled to sentence credit during that time; for purposes of sentence credit, defendant was required to have been in an actual place of confinement). Accordingly,

IT IS ORDERED that Goodin's Motion to Apply Credit of Time Served to Existing Sentence" [Doc. No. 73] is DENIED.

Monroe, Louisiana, this 14th day of October, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE